UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

IN ADMIRALTY
CASE NO.: 6:14-cv-01698-JA-GJK

**CARPENTER INVESTMENTS, INC.**,

    Plaintiff,

v.

**ACE AMERICAN INSURANCE COMPANY**,

    Defendant.
_____/

## ANSWER & AFFIRMATIVE DEFENSES

COMES NOW, Defendant, ACE AMERICAN INSURANCE COMPANY ("ACE"), by and through the undersigned counsel, and hereby files / serves its Answer and Affirmative Defenses to Plaintiff's Complaint and respectfully avers as follows:

1. *Admitted* that this is a case cognizable in admiralty. *See LaMadrid v. National Union Fire Insurance Co. of Pittsburgh, PA*, 567 Fed. App. 695, 700 (11th Cir. 2014).

2. Defendant is *without sufficient knowledge* to either admit or deny the allegations cited in paragraph 2 as to whether Plaintiff is, in fact, a Texas Corporation. Under the subject policy of insurance, Plaintiff's address is listed as 845 32nd Ave., Vero Beach, Florida 32960.

3. *Admitted.*

4. Defendant is *without sufficient knowledge* to either admit or deny the allegations cited in paragraph 4 regarding the present circumstances of ownership vis-à-vis the subject vessel, M/V *Larkspur*, and demands strict proof thereof.

5. Defendant *admits* that it issued a policy of insurance with respect to the subject vessel (policy no.: YWR Y05227537). Defendant is otherwise *without sufficient knowledge* to admit or deny the remaining allegations cited in paragraph 5 as stated and demands strict proof thereof.

6. Defendant *admits* the allegations cited in paragraph 6 of the Complaint insofar as there exists an endorsement entitled HINCKLEY/LITTLE HARBOR ENDORSEMENT. Defendant is *without sufficient knowledge* to admit or deny the remaining allegations cited in paragraph 6 as stated and demands strict proof thereof.

7. Defendant is *without sufficient knowledge* to either admit or deny the allegations cited in paragraph 7 and demands strict proof thereof.

8. Defendant *admits* the allegations cited in paragraph 8 insofar as the vessel was reportedly hauled at Harbortown Marina for "bottom painting". Defendant is *without sufficient knowledge* to either admit or deny the remaining allegations cited in paragraph 8 and demands strict proof thereof.

9. Defendant *admits* the allegations cited in paragraph 9 insofar as the vessel was reportedly blocked at Harbortown Marina. Defendant is *without sufficient knowledge* to either admit or deny the remaining allegations cited in paragraph 9 and demands strict proof thereof.

10. Defendant is *without sufficient knowledge* to either admit or deny the allegations cited in paragraph 10 and demands strict proof thereof.

11. Defendant *admits* that the vessel was reportedly not blocked properly and that rainwater accumulated in the vessel. Defendant is *without sufficient knowledge* to either admit or deny the remaining allegations cited in paragraph 11 and demands strict

proof thereof.

12. Defendant is *without sufficient knowledge* to either admit or deny the allegations cited in paragraph 12 as stated and demands strict proof thereof.

13. Defendant *admits* that it sent an independent surveyor on 12 November 2013 to investigate the loss alleged and that evidence indicated that the vessel had been blocked incorrectly resulting in rainwater accumulation. Defendant *denies* the remaining allegations cited in paragraph 13 as stated and demands strict proof thereof.

14. Defendant *denies* the allegations cited in paragraph 14 as stated and demands strict proof thereof.

15. Defendant *admits* the allegations cited in paragraph 15 solely to the extent that documents were submitted to ACE on 21 December 2013. Defendant *denies* the remaining allegations cited in paragraph 15 and demands strict proof thereof.

16. Defendant is *without sufficient knowledge* to admit or deny the allegations cited in paragraph 16 as stated and demands strict proof thereof.

17. Defendant *admits* the allegations cited in paragraph 17 solely to the extent that various documents were submitted to ACE in the Spring of 2014. Defendant *denies* the remaining allegations cited in paragraph 17 and demands strict proof thereof.

18. Defendant *admits* it remitted $33,088.26 in insurance proceeds for loss related repairs / expenses to the Insured / Plaintiff. Defendant *denies* the remaining allegations cited in paragraph 18 as stated and demands strict proof thereof.

19. Defendant *denies* the allegations cited in paragraph 19 as stated and demands strict proof thereof.

20. Defendant *admits* it remitted an additional $5,950.00 in insurance proceeds for loss-

related repairs / expenses to the Insured / Plaintiff. Defendant *denies* the remaining allegations cited in paragraph 20 as stated and demands strict proof thereof.

21. Defendant *denies* the allegations cited in paragraph 21 and demands strict proof thereof.

22. Defendant *denies* the allegations cited in paragraph 22 and demands strict proof thereof.

23. Defendant specifically *denies* that Plaintiff's claim for attorney's fees is cognizable under maritime law generally or under the facts of this case specifically.

24. Defendant *denies* the allegations cited in paragraph 24 and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

As and for its *I. Affirmative Defense*, Defendant states that Plaintiff's cause of action is barred because Defendant satisfied its obligations under the applicable policy when it issued payment to the Insured / Plaintiff for damages with respect to the at-issue vessel.

As and for its *II. Affirmative Defense*, Defendant asserts that Plaintiff's recovery, if any, is barred due to its failure to mitigate damages and /or protect the vessel against further loss.

As and for its *III. Affirmative Defense*, Defendant states that the estimated cost to remedy damages resulting from improper surface repairs to the vessel's hull exterior and finish fall below the applicable deductible and therefore are not due / owing.

As and for its *IV. Affirmative Defense*, Defendant states that any claims for damages over and above ACE's payments to the Insured / Plaintiff issued pre-suit were, after thorough investigation / review, determined to constitute: a) regular maintenance / upkeep items not related to the losses alleged; b) repairs or improvements to the vessel not necessary or related to

the losses alleged and / or items for which no coverage is available under the subject policy; and c) charges in excess of that which is fair and reasonable for the cost of repairs, to the extent covered. As such, Plaintiff is barred from further recovery.

As and for its *V. Affirmative Defense*, Defendant states that the subject policy of insurance provides coverage for accidental, fortuitous losses only. *See Int'l Ship Repair & Marine Services, Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886 (M.D. Fla. 1996). Defendant further avers that the damages alleged, either in whole or in part, are the result of inevitable, rather than accidental, causes and therefore are not recoverable under the contract for insurance.

As and for its *VI. Affirmative Defense*, Defendant states the damages alleged, either in whole or in part, are the result of causes excluded under the subject contract for insurance thereby precluding recovery. More specifically, the applicable policy states as follows:

> **AGREEMENT AND DEFINITIONS**
> …
> 5. **Fungi** means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by **Fungi**.
>
> …
> **PART A: PROPERTY DAMAGE COVERAGE**
>
> **PERILS INSURED AGAINST: We** will pay for **Property Damage** to the **Insured Vessel** caused by an **Occurrence** … except as excluded in this policy or by endorsement.
> ...
> **EXCLUSIONS: We** do not provide coverage under PART A: PROPERTY DAMAGE COVERAGE for any loss or resulting damage from:
>
> a. wear and tear, gradual deterioration, weathering, neglect, lack of reasonable care or due diligence in the maintenance of the **Insured Vessel**;
> b. insects, animals or marine life …
> c. marring, scratching or denting;
> d. osmosis or blistering;
> …
> g. corrosion, except electrolytic (stray current) corrosion;

> …
> i. **Fungi**, bacteria and the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effect of **Fungi** or bacteria.

As and for its *VII. Affirmative Defense*, Defendant states that Plaintiff's cause of action is barred by the doctrine of Substantial Performance. Specifically, Defendant complied with its obligations under the applicable policy by paying benefits for covered, loss-related repairs / expenses after completing an investigation into Plaintiff's claim.

As and for its *VIII. Affirmative Defense*, Defendant states that Plaintiff failed to satisfy the necessary conditions prescribed under the policy in the event of loss. More specifically, Plaintiff assumed / incurred expenses ACE may have been liable for without providing sufficient notice and without obtaining ACE's prior written consent as required under the subject contract for insurance thereby barring recovery in whole or in part.

As and for its *IX. Affirmative Defense*, Defendant asserts that Plaintiff failed to adequately report and substantiate the claims submitted prior to suit thereby breaching the necessary conditions prescribed under the policy in the event of loss and precluding recovery in whole or in part.

As and for its *X. Affirmative Defense*, Defendant states that Plaintiff has failed to join indispensable parties to this litigation.

As and for its *XI. Affirmative Defense*, Defendant asserts that Plaintiff failed to satisfy conditions precedent to bringing this action.

As and for its *XII. Affirmative Defense*, Defendant states that Plaintiff is precluded from recovery and / or there is no coverage to the extent the statute of limitations, contractual time limitations, laches, collateral or equitable estoppel and / or waiver applies.

As and for its *XIII. Affirmative Defense*, Defendant states that Plaintiff's claims are barred because the Complaint fails to state a cause of action upon which relief can be granted.

As and for its *XIV. Affirmative Defense*, Defendant states that Plaintiff's claims are barred or diminished to the extent of other insurance, recoupment, set-off or recovery from other sources.

As and for its *XV. Affirmative Defense*, Defendant states that Plaintiff is barred from recovery because: a) Plaintiff has been paid all the amounts due under the policy of insurance; b) accord and satisfaction applies; and / or c) Plaintiff waived its right to further recovery.

As and for its *XVI. Affirmative Defense*, Defendant states that Plaintiff breached the applicable lay up warranty prescribed by the subject policy of insurance by failing to maintain the subject vessel for the conditions reasonably expected during lay up.

As and for its *XVII. Affirmative Defense*, Defendant affirmatively alleges that Plaintiff is not entitled to attorney's fees pursuant to section 627.428, Florida Statutes, and has otherwise failed to state a cause of action for same.

As and for its *XVIII. Affirmative Defense*, Defendant states that Plaintiff would be unjustly enriched by virtue of receiving additional proceeds for unrelated, unreasonable and / or unnecessary repairs / improvements to the subject vessel not covered or otherwise excluded under the subject policy.

## ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

Defendant respectfully reserves the right to amend its Answer to Plaintiff's Complaint based upon investigation and discovery in this case to assert any additional Affirmative Defenses which may be available under the applicable facts and law.

        Respectfully submitted,

        */s/ Daniel Cruz*
        ─────────────────────────────

        DANIEL CRUZ, ESQ.

        dcruz@brownsims.com
        Florida Bar No.: 31023
        BROWN SIMS
        *Attorneys for ACE American Insurance Company*
        9130 S. Dadeland Blvd
        Suite 1600
        Miami, Florida 33156
        Telephone:    305.274.5507
        Facsimile:     305.274.5517

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of February, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Daniel Cruz*
        ─────────────────────────────

        DANIEL CRUZ, ESQ.

## SERVICE LIST

ATTORNEYS FOR PLAINTIFF:

Patricia K. Olney, Esq.
PATRICIA K. OLNEY, P.A.
275 Magnolia Ave.
Suite 7
Merritt Island, FL 32952
olney@vessellaw.com
Telephone:     321.799.2575
Facsimile:     321.799.1733